








```
JPP     7/5/01    10:42
3:01-CV-01197   FOOTHILLS CHRISTIAN V. CITY OF EL CAJON
*1*
*CMP.*
```

FILED

01 JUL -3 PM 3:56

TYLER, DORSA & ELDRIDGE, LLP
ATTORNEYS AT LAW
Robert H. Tyler, State Bar #179572
41877 Enterprise Circle North, Suite 210
Temecula, CA 92590
(909) 296-0700
(909) 296-0578 fax

PACIFIC JUSTICE INSTITUTE
Brad Dacus, State Bar #159690
P.O. Box 4366
Citrus Heights, CA 95611
(916) 857-6900
(916) 857-6902 fax

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FOOTHILLS CHRISTIAN MINISTRIES, INC., A CALIFORNIA NON-PROFIT CORPORATION, DOING BUSINESS AS "FOOTHILLS CHRISTIAN FELLOWSHIP",

Plaintiffs,

v.

CITY OF EL CAJON, A MUNICIPAL CORPORATION OF THE STATE OF CALIFORNIA; CITY OF EL CAJON REDEVELOPMENT AGENCY, A MUNICIPAL CORPORATION OF THE STATE OF CALIFORNIA; RICHARD RAMOS; CHARLES SANTOS; TODD KEEGAN; ROBERT MC CLELLAN; AND MARK LEWIS; and DOES 1-10 inclusive,

Defendants.

CASE NO. '01 CV 1197 JM (JAH)

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION; FOR ATTORNEY FEES; VIOLATION OF THE RELIGIOUS LAND USE & INSTITUTIONALIZED PERSONS ACT OF 2000 (42 U.S.C. §2000cc); CIVIL RIGHTS VIOLATIONS (42 U.S.C. §1983); DAMAGES; AND FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a civil action seeking injunctive relief, declaratory judgment, and damages, both nominal and compensatory, to vindicate and to safeguard civil rights including the First and Fourteenth Amendment rights secured by the Constitution of the United States. The action is against the City of

1

COMPLAINT

1. El Cajon, the City of El Cajon Redevelopment Agency (hereinafter called "the City"), and the City's elected officials in their official capacity. The City seeks to prevent a local church and congregation, including the individually named Plaintiff, from holding services and practicing their religion on property Plaintiff Foothills Christian Fellowship (hereinafter called the "Church") is under contract to lease with an option to purchase. In doing so, the City is violating the United States and the California Constitutions and the Religious Land Use & Institutionalized Persons Act of 2000.

2. Plaintiffs seek preliminary and permanent injunctive relief enjoining the City, its employees, successors and agents and all persons subject to its direction and control, from depriving Plaintiffs of their constitutional rights as guaranteed by the First and Fourteenth Amendments of the United States Constitution and from depriving Plaintiffs of their rights under the Religious Land Use and Institutionalized Persons Act of 2000 (42 U.S.C § 2000cc). Plaintiffs also seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 to determine the constitutionality of the City's zoning ordinance, on its face and as applied, and reasonable costs of litigation, including attorney's fees and expenses. Finally, Plaintiffs seek compensatory and nominal damages.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(3)(4) and 42 U.S.C. §2000cc, Section 2 which confer original jurisdiction on federal district courts in suits to redress the deprivation of rights, privileges and immunities as stated herein. The Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. This action is also authorized by 42 U.S.C. §1983 because Defendants are state actors who have abridged the constitutional rights of Plaintiffs.

4. This is a suit in equity authorized by law to be brought to redress the deprivation under color of law, ordinance, statute, regulation, custom and usage of the State of California, County of San Diego, City of El Cajon, of rights, privileges and immunities secured by the laws and Constitutions of the State of California and the United States, particularly the First and Fourteenth amendments to the Constitution of the United States and the Religious Land Use and Institutionalized Persons Act of 2000.

5. Venue is proper in this District because the acts and transactions complained of occurred in this District pursuant to 28 U.S.C. § 1391(b).

COMPLAINT

## PARTIES

6. At all times herein mentioned the Church was and is, a religious assembly or institution, and a nonprofit corporation organized and existing under the laws of the State of California and is presently located within, and is ministering within, the City of El Cajon, County of San Diego, State of California.

7. Defendant City of El Cajon and the City of El Cajon Redevelopment Agency, was and now are, municipal corporations, created under the authority of, organized and existing under, the laws of the State of California, and situated in San Diego County and is empowered to act through its governing body, its officials, employees and official bodies. The City and Redevelopment Agency are empowered by the State of California to regulate and restrict the use of land within the City's borders.

8. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendant Richard Ramos was, and is, a member of the City Council for Defendant City and is sued in his/her official capacity only.

9. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendant Charles Santos was and is a member of the City Council for Defendant City and is sued in his/her official capacity only.

10. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendant Todd Keegan was and is a member of the City Council for Defendant City and is sued in his/her official capacity only.

11. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned Defendant Robert Mc Clellan was and is a member of the City Council for Defendant City and is sued in his/her official capacity only.

12. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned Defendant Mark Lewis was and is a member of the City Council for Defendant City and is sued in his/her official capacity only.

13. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Defendants was the agent, servant, and employee of each of the remaining Defendants, and

at all times herein mentioned, each was acting within the time, place, course and scope of said agency and employment. All of the acts of Defendant City, its officers, agents, servants and employees, as alleged herein, were conducted under color and pretense of the statutes, policies, regulations, ordinances and customs and usages of Defendant City.

14. Plaintiffs are unaware of the true names and legal capacities of the Defendants sued herein as DOES 1-10 and, therefore, sue those Defendants by such fictitious names. Plaintiffs will amend their complaint to allege their true names and capacities when the same has been ascertained. Plaintiffs are informed and believe, and thereon allege, That each DOE Defendant is in some way legally responsible for the acts, omissions, and damages alleged herein by each remaining Defendant.

**STATEMENT OF FACTS**

15. Foothills Christian Fellowship is a church of approximately 2,500 members located at 315 and 365 West Bradley Avenue, El Cajon, California. The Church occupies buildings totaling approximately 42,726 square feet in the "M" (Manufacturing) zone. It has been located in El Cajon since 1990 and currently operates under Conditional Use Permit ("CUP") No. 1408 which was originally approved in 1990 for a limited period of four years.

16. In 1994, the Church was granted a five-year extension of CUP 1408. In 1997, the Church sought to expand their facilities and the City of El Cajon ("City") modified CUP 1408 so that it would expire in January, 2002. In 1995, the Church sought to obtain a modification to the CUP which would have allowed it to operate an elementary school at its existing facilities. However, this request was denied by the City.

17. In March, 2001, the Church filed an application for a CUP designated as CUP 1870. The property's address is 315-389 North Magnolia Avenue, El Cajon, with Assessor's Parcel No. 488-040-04 ("Subject Property"). The Subject Property is located in the Regional Commercial Zone ("C-R"). The Subject Property is a 71,441 square foot commercial building which contains a 1,700-seat multi-screen movie theater and several retail commercial suites.

18. The Church filed the application for CUP with the intention of relocating from its existing location on West Bradley Avenue to the Subject Property. At this time, the movie theater is no longer in operation. The Church intends to perform interior improvements and construction in

order to create a 2,000-seat sanctuary by converting and improving the movie theater. The Church also intends to perform interior improvements and construction in order to create a 10,500 square foot Sunday School/Day Care Facility, and a 10,050-square-foot area for a religious K-12 school within the existing buildings. The Church intends to allow various existing tenants to remain operating at the Subject Property for an indefinite period of time. The Latino Medical Clinic and other tenants will occupy approximately 7,500 square feet. The remainder of the property will be used by the Church for school facilities, meeting rooms and other church related activities.

19. The Church believes that God, through the Holy Bible, has called upon Christians to gather together for teaching and fellowship with one another. Acts 2:42–49 of the Holy Bible describes how the early Christian Church would gather in this manner. It is well recognized in Christendom that the first day of the week, Sunday, is a routine day for teaching and fellowship. Additionally, however, Christians join together at other various times for mid-week Bible studies and fellowship.

20. The Church also holds to the teaching of Jesus Christ in Matthew 28:18-20 of the Holy Bible wherein it states that the Christian church at large is to spread the Christian message throughout the world. The Church believes that after much prayer and direction by God that the Church has been directed by God to fellowship and spread the Christian message through ministry in the City.

21. The Church is currently operating under temporary CUP 1408 which expires in January 2002, with no guarantee that it will be extended or renewed. Under CUP 1408, the Church is restricted from using the existing facilities on weekdays and is also restricted as a result of the interference with other tenants. No outdoor activities are possible due to the fact that it is within an industrial park. The Church is prevented from engaging in sport camps, day camps for children (i.e., vacation bible school), holiday events, daytime community service programs, weekday conferences/seminars, and other ministry related activities. The Church has the need and opportunity to expand its current sanctuary, youth meeting rooms, and other facilities necessary for the ministry.

22. The Church desires to expand its ministry through community outreach and believes

5

COMPLAINT

that it has been called by God to do so in the downtown area of El Cajon. It is the intent of the Church to provide ministry related services such as worship facilities and services, private K-12 school for approximately 500 children, teen center, skate park, various youth ministries, sports ministries, children's ministries, annual youth conferences, drug-recovery programs, counseling programs, family-oriented activities, concerts, plays, community home visitation programs, handicap ministries, holiday events, and other outreaches to the downtown community and outlying areas. However, expanding the ministries is substantially limited due to the restrictions at its existing location.

23. The Church believes that it is poor stewardship to continue leasing the Property when the Church has the ability to engage in a wise investment (the ultimate purchase of the Subject Property) which would expand its ministry opportunities. As a tenant, the Church has no guarantee that it will be allowed to remain in its current facilities indefinitely. Most importantly, the City has placed limitations upon the Church's right to occupy the Property by conditioning the CUP to limited periods of time with no guarantee that it will be extended or renewed.

24. There is no other building for sale or lease within the City's jurisdiction which would be adequate to facilitate the ministries of the Church. Further, there is no other land within the City's jurisdiction available for sale and sufficient in size for the Church to construct a facility.

25. The Church was required to pay a $1,000 CUP application fee to the City. Additionally, it has paid approximately $15,000 to consultants, architects, and engineers as a result of information required by the City and necessary to process the CUP application. Further, the Church is currently paying $20,000 per month as a fee to the property owner to maintain its option to purchase property and keep escrow open. The Church paid $20,000 on May 16, 2001 and again on June 16, 2001. This $20,000 monthly payment is non-refundable and is paid to the sellers of the Property.

26. The Church entered into an agreement dated February 8, 2001, wherein the Church would lease the Subject Property from Foothills El Cajon L.P. Foothills El Cajon L.P. is an entity that has entered escrow to purchase the Subject Property and lease the Property to the Church. The Church has been granted pursuant to said lease, an option to purchase the Property. Foothills El

Case 3:01-cv-01197-LAB   Document 1   Filed 07/03/01   Page 8 of 20

1  Cajon L.P. is simply accommodating the Church's lease and purchase of the Subject Property. It is
2  the Church which is paying the $20,000 monthly fee in order to keep the escrow open so that the
3  Church will have the opportunity to lease and purchase the Subject Property.

4      27.    Plaintiff is informed and believes that the Subject Property is subject to Title 17 of the
5  El Cajon Municipal Code ("Zoning Ordinance"), the El Cajon General Plan 2000 ("General Plan"),
6  Ordinance No. 2524 ("Specific Plan 182"), and the Amendment of Ordinance No. 2524
7  ("Amendment to Specific Plan 182").

8      28.    Zoning Ordinance Chapter 17.60.040 (K) specifically provides that religious
9  activities may be allowed in any zone (except where exceptions are noted) provided a conditional
10 use permit is granted. Churches are included within the definition of "religious activities." Chapter
11 17.70.040 (B) of the Zoning Ordinance specifically states: "The Planning Commission shall grant a
12 Conditional Use Permit upon application for any use, business and/or activities which may involve
13 the exercise of First Amendment rights . . . unless the use, business and/or activity is not in
14 substantial compliance with the specific standards set forth in this chapter. The specific standards
15 referenced are set forth in Chapter 17.70.050 of the Zoning Ordinance. A CUP requires that the
16 Church be subject to an individualized assessment process requiring a public hearing and subjective
17 decision making on the part of the City.

18     29.    Chapter 17.42.020 of the Zoning Ordinance sets forth the permitted uses within the
19 C-R Zone. Those uses include business associations, boards of trade, Better Business Bureau,
20 professional membership organizations, etc., social, fraternal and youth organizations, political,
21 civic, and veteran's organizations, nonprofit membership organizations, other miscellaneous service
22 organizations, and libraries, hotels and motels, restaurants, funeral parlors and mortuaries.

23     30.    Adult entertainment establishments are specifically allowed by concrete ascertainable
24 standards as set forth in Chapter 17.42.040. Adult entertainment activities under Chapter
25 17.90.040(E) include cabarets, drive-in theaters, motion picture theaters, and adult theaters.

26     31.    Business associations include chambers of commerce and trade associations. Social,
27 fraternal and youth organizations include social clubs, fraternal associations and lodges, women's
28 clubs, youth organizations (Boy Scouts and Girl Scouts), YMCA and YMCA facilities, etc. Civic

organizations include civic clubs and taxpayers' associations, etc. Veteran's organizations include meeting facilities. Nonprofit and membership organizations include auto clubs, aviation clubs, historical clubs, humane societies, etc.

32. Unlike other similarly situated uses, Churches and other religious activities are only allowed pursuant to Chapter 17.42.030(36) of the Zoning Ordinance if it obtains a conditional use permit. Churches are not designated as a permitted use in any zone within the City's jurisdiction. In order for a church to locate within the City's jurisdiction, it must obtain a CUP.

33. The Church's CUP application was denied by the Planning Commission on April 23, 2001, and memorialized in Resolution No. 9507. The CUP application was appealed to the City Council and the Redevelopment Agency. The City Council, acting as the Redevelopment Agency and in its own capacity, denied the application for CUP in a public hearing on May 22, 2001. This was memorialized as Resolution No. 90-01. The Council's alleged findings for denial are set forth in Resolution No. 90-01. The City Council, in a three against two decision, allegedly determined that granting CUP No. 1870 would undermine revitalization of the downtown redevelopment project area; would result in a significant adverse economic impact to the City and the Redevelopment Agency; and that the Property was subject to a covenant with a prior property owner that prohibited the use of the Property by a church for religious purposes. Plaintiff deny the alleged findings of the City Council.

34. Plaintiff is informed and believes that the downtown redevelopment project area is that area within the jurisdiction of the Redevelopment Agency and within the jurisdiction of Specific Plan 182 and the Amendment to Specific Plan 182. The El Cajon Performing Arts Center is currently located within the redevelopment area and Specific Plan 182. This is a place of public assembly for plays, meetings, and other events. Plaintiff is informed and believes that a funeral home and the Veterans of Foreign Wars are also located within the redevelopment area and Specific Plan 182. Across the street from the subject property is a 17,000-square-foot social club known as the Chaldean Cultural Center, which is also located within the redevelopment area and Specific Plan 182. Other uses similarly situated are also located within the redevelopment area and Specific Plan 182.

## FIRST CAUSE OF ACTION

**Violation of the Religious Land Use and Institutionalized Persons Act of 2000,**

**42 U.S.C. §§2000cc(a)**

35. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. Plaintiffs allege that Defendant City has in place formal or informal procedures or practices that permit Defendants, and each of them, to make individualized assessments of the proposed religious use for the Subject Property. Defendant City further makes and has in place one or more land use regulations which direct that no property within the jurisdiction of the City may be used as a church without the prior issuance of a CUP. Both facially, and as applied by the City, the conditions of the applicable ordinances constitute a substantial burden on the religious exercise of Plaintiff and constitute unlawful restrictions on the use of the Subject Property by Plaintiff.

37. Additionally, Defendants' have imposed and implemented, and threaten to impose and implement, land use regulations in a manner that have imposed a substantial burden on Plaintiffs' religious exercise. Defendants' actions are not in furtherance of any compelling governmental interest, nor are they the least restrictive means of furthering any particular governmental interest. Defendants' actions violate 42 U.S.C. § 2000cc(a).

38. As a proximate result of the actions of Defendants, and each of them, Plaintiffs have been damaged, and continue to be damaged for the costs incurred in applying for the CUP in the amount of $1,000 plus additional professional fees for consultants, architects, and engineers of approximately $15,000, and other costs which are presently unknown, but which are within the jurisdictional limits of this Court, and Plaintiffs will amend their complaint to set forth the nature and full extent of said damages when the same have been ascertained. Plaintiffs are entitled to an order from this Court permanently enjoining Defendants, and each of them, from enforcing said land use regulations against Plaintiffs, and to an Order authorizing the Church to proceed with its interior construction, renovation, and occupation of said facility.

39. Plaintiffs have incurred substantial attorney fees and expenses herein and request that they be awarded such fees and expenses pursuant to 42 U.S.C. 1988(b) and other applicable statutes.

40. WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

## SECOND CAUSE OF ACTION

**Violation of the Religious Land Use and Institutionalized Persons Act of 2000,**

**42 U.S.C. §§2000cc2(b)(1)**

41. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. Defendant City has enacted a land use regulations including the Zoning Ordinance, General Plan, Specific Plan 182, the Amendment to Specific Plan 182, and other applicable ordinances of the City. Plaintiffs allege that said land use regulation facially treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution and as applied by Defendant City, treated Plaintiffs on less than equal terms with a nonreligious assembly or institution in violation of 42 U.S.C. §§2000cc2(b)(1). Plaintiffs further allege that the City's denial of the Church's application for the CUP was in violation of 42 U.S.C. §§2000cc2(b)(1).

43. WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

## THIRD CAUSE OF ACTION

**Violation of the Religious Land Use and Institutionalized Persons Act of 2000,**

**42 U.S.C. §2000cc2(b)(2)**

44. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. Defendant City has enacted a land use regulations including the Zoning Ordinance, General Plan, Specific Plan 182, the Amendment to Specific Plan 182, and other applicable ordinances of the City. Plaintiffs further allege that the City's denial of the Church's application for the CUP was in violation of 42 U.S.C. §§2000cc2(b)(2).

46. WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

///

1  40. WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

### SECOND CAUSE OF ACTION

**Violation of the Religious Land Use and Institutionalized Persons Act of 2000,**

**42 U.S.C. §§2000cc2(b)(1)**

41. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. Defendant City has enacted a land use regulations including the Zoning Ordinance, General Plan, Specific Plan 182, the Amendment to Specific Plan 182, and other applicable ordinances of the City. Plaintiffs allege that said land use regulation facially treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution and as applied by Defendant City, treated Plaintiffs on less than equal terms with a nonreligious assembly or institution in violation of 42 U.S.C. §§2000cc2(b)(1). Plaintiffs further allege that the City's denial of the Church's application for the CUP was in violation of 42 U.S.C. §§2000cc2(b)(1).

43. WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

### THIRD CAUSE OF ACTION

**Violation of the Religious Land Use and Institutionalized Persons Act of 2000,**

**42 U.S.C. §2000cc2(b)(2)**

44. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. Defendant City has enacted a land use regulations including the Zoning Ordinance, General Plan, Specific Plan 182, the Amendment to Specific Plan 182, and other applicable ordinances of the City. Plaintiffs further allege that the City's denial of the Church's application for the CUP was in violation of 42 U.S.C. §§2000cc2(b)(2).

46. WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

///

## FOURTH CAUSE OF ACTION

### Violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§2000cc2(b)(3)

47. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 46, inclusive, as though fully set forth herein.

48. Defendant City has enacted a land use regulations including the Zoning Ordinance, General Plan, Specific Plan 182, the Amendment to Specific Plan 182, and other applicable ordinances of the City. Plaintiffs allege that said land use regulation facially violates 42 U.S.C. §§2000cc2(b)(3). As applied to Plaintiffs, Plaintiffs further allege that the City's denial of the Church's application for the CUP was in violation of 42 U.S.C. §§2000cc2(b)(3).

49. WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

## FIFTH CAUSE OF ACTION

### Constitutional Violations (Free Speech/Freedom of Assembly)

50. Plaintiffs repeat and incorporate by reference allegations contained in paragraphs 1 through 49, inclusive, as though fully set forth herein.

51. This action arises under the United States Constitution, particularly under the provisions of the First and Fourteenth amendments to the Constitution of the United States, and Article I, Section 4 of the California Constitution. Defendants' actions as set forth herein violate those Constitutions.

52. Defendant City's land use regulations and policies, as set forth herein, both on their face and as applied, abridge Plaintiffs' rights to the freedom of speech.

53. Defendant City's land use regulations and policies, as set forth herein, both on their face and as applied, abridge Plaintiffs' rights of free speech because they are content based and violate the constitutional principle that the government may not discriminate against speech based upon its content absent a compelling governmental interest.

54. Defendant City's land use regulations and policies, as set forth herein, both on their face and as applied, abridge Plaintiffs' rights of free speech because they are substantially underinclusive in that they improperly treat religious speech disparately.

COMPLAINT

55. Defendant City's land use regulations and policies, as set forth herein, both on their face and as applied, abridge Plaintiffs' rights of free speech because they constitute a license tax on the right to preach the gospel.

56. Defendant City's land use regulations and policies, as set forth herein, both on their face and as applied, abridge Plaintiffs' rights to the freedom of assembly.

57. WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

## SIXTH CAUSE OF ACTION

### Constitutional Violations (Free Exercise of Religion)

58. Plaintiffs repeat and incorporate by reference allegations contained in paragraphs 1 through 57, inclusive, as though fully set forth herein.

59. Defendant City's land use regulations and policies, as set forth herein, both on their face and as applied to Plaintiffs, are not neutral or of general application, have placed a substantial burden upon Plaintiffs without compelling justification, abridging Plaintiffs' right to the free exercise of religion and are not narrowly tailored and, as such, are in violation of the First Amendment.

60. WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

## SEVENTH CAUSE OF ACTION

### Constitutional Violations (Equal Protection)

61. Plaintiffs repeat and incorporate by reference allegations contained in paragraphs 1 through 60, inclusive, as though fully set forth herein.

62. Defendant City's land use regulations and policies, as set forth herein, violate Plaintiffs' rights to the equal protection of the laws because similarly situated uses are allowed to locate within the City's jurisdiction as a matter of right while only allowing churches if a church obtains a CUP.

63. Defendant City's land use regulations and policies, as set forth herein, violate Plaintiffs' rights to the equal protection of the laws because similarly situated uses are allowed to locate within the City's C-R Zone and redevelopment area (Specific Plan 182) as a matter of right while only allowing churches if a church obtains a CUP.

64.  Defendant City's land use regulations and policies, as set forth herein, violate Plaintiffs' rights to the equal protection of the laws because Defendants, and each of them, have no rational basis nor a compelling interest that would allow the City to deny the application for CUP.

65.  Defendant City's land use regulations and policies, as set forth herein, amount to a ban on churches, discriminatory treatment of religious institutions and an unreasonable restriction on the acquisition of property and/or buildings, and an unreasonable restriction on the completion, restoration, reconstruction, extension, or substitution of preexisting churches.

66.  WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

## EIGHTH CAUSE OF ACTION

### Constitutional Violations (Hybrid - Free Exercise and Free Speech/Freedom of Assembly/Equal Protection)

67.  Plaintiffs repeat and incorporate by reference allegations contained in paragraphs 1 through 66, inclusive, as though fully set forth herein.

68.  Defendant City's land use regulations and policies, as set forth herein, both on their face and as applied, abridge Plaintiffs' rights to free exercise of religion in conjunction with abridging Plaintiffs' rights to free speech, freedom of assembly and equal protection under the law. Such abridgment is not the result of a neutral and generally applicable law and has placed a substantial burden upon Plaintiffs' without compelling justification and was not narrowly tailored, in violation of Plaintiffs' First Amendment rights.

69.  WHEREFORE, Plaintiffs pray for relief against Defendants as hereinafter set forth in the prayer for relief.

## NINTH CAUSE OF ACTION

### Declaratory Relief

70.  Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 69, inclusive, as though fully set forth herein.

71.  Plaintiffs contend that the City's land use regulations are invalid and unenforceable, both on its face and as applied by Defendants, and each of them, in that it violates the Religious Land Use

13

COMPLAINT

and Institutionalized Persons Act of 2000, the First Amendment to the United States Constitution, the Equal Protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution. Specifically, Plaintiffs contend that the basis of denial of Plaintiff's application for CUP violates the established laws set forth above, that Defendants' requirement of a CUP for churches is invalid on its face, and that churches must not be denied a CUP on the basis of lost tax revenue to the City or the Redevelopment Agency, and that the Church must not be denied a CUP on the basis of other economic reasons without a compelling government interest. The Church is entitled to the issuance of a CUP by Defendant City without any unreasonable restrictions.

72. Defendants contend that a CUP is required and that they may arbitrarily deny the issuance of the CUP on the basis of a potential loss of sales and property tax revenue for economic reasons or on the basis that Defendants prefer a nonreligious use for Subject Property, for any other reason whatsoever. Plaintiffs dispute such a contention.

73. An actual controversy exists between Plaintiffs and Defendants regarding Plaintiffs' rights under the ordinance and the purported requirement that the Church obtain a CUP prior to its use thereof. Such a declaration is necessary and appropriate. Plaintiffs desire a declaration as to the validity of the ordinance, both on its face and as applied to Plaintiffs' activities, and if it is found to be valid, whether Plaintiffs' above-described activities are a violation of the ordinance. A judicial declaration is necessary and appropriate at this time so that Plaintiffs may ascertain their rights and duties in the premises without first subjecting themselves to liability for violating the ordinance.

WHEREFORE Plaintiffs request judgment against Defendants and each of them as follows:

ON ALL CAUSES OF ACTION:

1. The Court grant preliminary and permanent injunctive relief preventing Defendants from requiring a Conditional Use Permit from Foothills Christian Fellowship or any member thereof regarding the use and occupation of that certain parcel of real property commonly known as 315-389 North Magnolia Avenue, El Cajon, California **or** in the alternative, a mandatory preliminary and permanent injunction ordering the City of El Cajon to issue a Conditional Use Permit to Plaintiff Foothills Christian Ministries, Inc., dba Foothills Christian Fellowship, permitting Plaintiff Church to

1 hold religious and related services and activities on said real property subject only to reasonable, nondiscriminatory and normal land use restrictions, and that this Court retain jurisdiction over said issues.

2. The Court declare the respective rights and duties of the parties under the land use regulations in question, that the land use regulations are unconstitutional, invalid and void on its face or as applied to Plaintiffs, or if the land use regulations area found to be valid, that they do not apply to Plaintiffs' activities hereinabove described.

3. For general, special, and nominal damages in amounts according to proof;

4. For reasonable attorneys' fees pursuant to 42 U.S.C. 1988(b) and other applicable statutes;

5. For costs of suit incurred herein; and

6. For such other and further relief as the court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully request a jury trial.

Plaintiffs respectfully submit this 3rd day of July, 2001.

By: _____
TYLER, DORSA & ELDRIDGE, LLP
ATTORNEYS AT LAW
Robert H. Tyler, State Bar #179572
41877 Enterprise Circle North, Suite 210
Temecula, CA 92590
(909) 296-0700

In association with:

PACIFIC JUSTICE INSTITUTE
Brad Dacus, State Bar #159690
P.O. Box 4366
Citrus Heights, CA 95611
(916) 857-6900

Attorneys for Plaintiffs

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Foothills Christian Ministries, Inc.

### DEFENDANTS
City of El Cajon, et al.

FILED
01 JUL -3 PM 4:02

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert H. Tyler, Bar #179572
Tyler, Dorsa & Eldridge, LLP
41877 Enterprise Circle North, #210
Temecula, CA 92590

Attorneys (If Known)
**'01 CV 1197 JM (JAH)**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 555 Prison Condition |  | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. section 2000cc & 42 U.S.C. section 1983 - Infringement upon religious liberties

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: July 3, 2001
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 72781  AMOUNT 150  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# Receipt
July 3, 2001

[Receipt details illegible]